KAREN LYNN FRIED *v.* STATE OF MARYLAND

[No. 1122, September Term, 1978.]

*Decided June 8, 1979.*

The cause was argued before MORTON, MOORE and LOWE, JJ.

*Howard L. Cardin, Assigned Public Defender,* for appellant.

*Kathleen M. Sweeney, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County, Anthony Gallagher* and *Gary Jordan, Assistant State's Attorneys for Baltimore County,* on the brief, for appellee.

Lowe, J., delivered the opinion of the Court.

Three questions are raised by Karen Lynn Fried's appeal from her conviction by a Baltimore County Circuit Court jury of murder and conspiracy to commit murder. All three questions [1] will be resolved by our holding that a failure to provide *Miranda v. Arizona* (384 U. S. 436 (1966)) warnings prior to one confession, does not ipso facto taint a subsequent one before which proper warnings are provided.

At a suppression hearing it was learned that Ms. Fried had given five statements to the police in relatively close proximity; the first three were oral and the last two written. The suppression hearing judge found, and appellant does not contest, that the first three were admissible despite a lack of *Miranda* warnings, because they were noncustodial. The fourth, a written statement given without a *Miranda* warning while in custody, was suppressed. The fifth, which was obtained immediately after the fourth, was preceded by a proper warning and was found to be admissible. The appeal rests solely upon the admission of the fifth statement.

Relying primarily upon *Edwards v. State,* 194 Md. 387 (1950), which was followed by *Combs v. State,* 237 Md. 428, 435-436 (1965), and buttressed by our *Keller v. State,* 2 Md. App. 623, 628-629 (1967), appellant contends that the *Miranda* violation preceding the fourth (inadmissible) statement tainted the fifth statement despite the intervening *Miranda* warning. *Edwards, supra* at 400, most concisely sets forth that upon which she relies:

"Where one confession is held to be involuntary and inadmissible a presumption exists that any

---

1. "1. Did not the Trial Court err when it failed to suppress the confessions of the Appellant?

2. Did not the Trial Court err when it refused to instruct the jury as to the specific requirements of Miranda v. Arizona?

3. Did not the Trial Court err when it refused to instruct the jury in its instruction dealing with voluntariness of a confession that there is a presumption in Maryland that where one confession is held to be involuntary and inadmissible the proper influence which produced the first confession remains in effect until a cessation of that influence is definitely shown and overcome by clear, strong and satisfactory evidence?"

subsequent confession was made by reason of the prior influence, and this presumption must be overcome by the State before a subsequent confession can be offered. The improper influence which produced the first confession is presumed to be still in effect until a cessation of that influence is definitely shown, and the evidence to overcome and rebut such a presumption must be clear, strong, and satisfactory, and any doubt on this point is resolved in favor of the accused."

Using the language in *United States v. Bayer*, 331 U. S. 532, 540 (1947), appellant reasons that,

" . . . after an accused has once let the cat out of the bag by confessing, no matter what the inducement, he is never thereafter free of the psychological and practical disadvantages of having confessed. He can never get the cat back in the bag. The secret is out for good. In such a sense, a later confession always may be looked upon as fruit of the first."

The foundation of appellant's contention is both factually and legally unsound. The Supreme Court in *Bayer* further noted:

"But this Court has never gone so far as to hold that making a confession under circumstances which preclude its use, perpetually disables the confessor from making a usable one after those conditions have been removed." *Id.* at 540-541.

Factually, appellant relies upon the fourth statement having induced the fifth; however, the suppression hearing judge found otherwise.

"I do not find from the evidence that Statement No. 5 is the product of Statement No. 4. I find it is the product of Statement No. 3. Corporal Heaps did not solicit or initiate Statement No. 4. The evidence does not indicate that the Defendant was caused or persuaded to give that eight-page statement because she made the one-page statement."

Based upon that factual finding (with which we find no fault, Md. Rule 1086), the cat wasn't improperly induced out of the bag, but was released voluntarily by appellant.

More significantly from a legal point of view, and even assuming appellant's factual predicate, we have held that the doctrine of taint, *i.e.,* the fruit of the poisonous tree, does not follow from a "mere *Miranda*" violation, *cf. Bartram v. State,* 33 Md. App. 115, 163-167 (1976), *aff'd,* 280 Md. 616 (1977), but applies only to confessions *involuntarily* obtained as by improper inducements or coercion. That, of course, is the subject matter of all three cases relied upon by appellant — *Edwards, Combs* and *Keller.*

Our discussion in *Bartram* relied upon the sound authority of the United States Supreme Court interpreting *Miranda.* In *Harris v. New York,* 401 U. S. 222 (1971), the Court permitted the use of statements taken in violation of *Miranda* for impeachment purposes. That was an initial indication that a failure to give interrogated suspects full *Miranda* warnings does not entitle the suspect to insist that statements made by him be excluded in every conceivable context.

The Court further narrowed the exclusionary effect of *Miranda* in *Michigan v. Tucker,* 417 U. S. 433 (1974), by holding that inculpatory evidence (a witness) gained by interrogation without *Miranda* warnings did not compel exclusion of the witness under the *Wong Sun v. United States* (371 U. S. 471 (1963)) "fruit of the poisonous tree" doctrine. The Court found that the method by which the evidence was obtained did not violate the defendant's fourth amendment privileges against self-incrimination,

> "... but departed only from the prophylactic standards later laid down by this Court in Miranda to safeguard that privilege.
>
> . . .
>
> When involuntary statements or the right against compulsory self-incrimination are involved, a second justification for the exclusionary rule also has been

asserted: protection of the courts from reliance on untrustworthy evidence. Cases which involve the Self-Incrimination Clause must, by definition, involve an element of coercion, since the clause provides only that a person shall not be compelled to give evidence against himself. And cases involving statements often depict severe pressures which may override a particular suspect's insistence on innocence. 417 U. S. at 446, 448 (footnote omitted).

Appellant conceded at argument that there was no coercion or improper inducement used to obtain any of the confessions, only a failure in one instance to apply the preventive "prophylactic" of *Miranda.* The *Miranda* "prophylactic" like its sanction, the exclusionary rule,

"is calculated to prevent, not to repair. Its purpose is to deter — to compel respect for the constitutional guaranty in the only effectively available way — by removing the incentive to disregard it." *Elkins v. United States,* 364 U. S. 206, 217 (1960).

But where the official action was pursued in complete good faith (as it appears here by the testimony and the immediate administering of the *Miranda* litany prior to taking the fifth statement), the deterrence rationale loses much of its force. *Michigan v. Tucker, supra* at 447. Before we penalize police error, we must consider whether the sanction serves a valid and useful purpose. *Id.* at 446. The reasoning of *Edwards, supra,* relied upon by appellant in explaining why a presumption of impropriety follows from an involuntary statement to its successor, is that "improper influence which produced the first confession is presumed to be still in effect until a cessation of that influence is definitely shown . . . ." Here, however, there was no "improper influence which produced the first confession," even if we accept appellant's view that five flowed from four rather than three. As indicated, she admitted at argument that *none* of the confessions emanated from "improper influence," *i.e.,* coercion or wrongful inducement. The fourth was suppressed for a failure to administer the prophylactic preventive

prescribed by *Miranda,* and even that oversight was shown by "clear, strong, satisfactory evidence" to have been corrected before taking the fifth statement which was ultimately admitted.

Imposition of the exclusionary sanction for a prior failure to administer a prophylactic intended to prevent the impregnation of involuntariness necessarily presumes the conception of involuntariness. That presumption, if it ever existed, is overcome by appellant's concession to the contrary. We decline to declare a paternity where there is no bastard, intercourse without prophylaxis notwithstanding. The failure to suppress was not error.

> "In summary, we do not think that any single reason supporting exclusion of this witness' testimony, nor all of them together, are very persuasive. By contrast, we find the arguments in favor of admitting the testimony quite strong. For, when balancing the interests involved, we must weigh the strong interest under any system of justice of making available to the trier of fact all concededly relevant and trustworthy evidence which either party seeks to adduce. In this particular case we also 'must consider society's interest in the effective prosecution of criminals in light of the protection our pre-Miranda standards afford criminal defendants.' Jenkins v Delaware, 395 US 213, 221, 23 L Ed 2d 253, 89 S Ct 1677 (1969). These interests may be outweighed by the need to provide an effective sanction to a constitutional right. Weeks v United States, 232 US 383, 58 L Ed 652, 34 S Ct 341 (1914), but they must in any event be valued." 417 U. S. at 450-451 (footnote omitted).

Appellant's last two questions are equally unavailing. The arguments under each again run together the question of *Miranda* compliance and voluntariness although the questions appear to acknowledge the distinction.

The exception taken was:

> "MR. CARDIN [Defense Counsel]: We believe

that it was proper for the Court to have instructed the jury, pursuant to Section 225 of the Maryland Criminal Jury Instructions, which would have included an instruction dealing with Miranda rights, specifically, and further we believe that the Court should have instructed the jury, 'Where one confession is held to be involuntary and inadmissible, the State must overcome a presumption that the improper influence which produced the first confession is still in effect until a cessation of that influence is definitely shown, and the evidence to overcome and rebut such a presumption must be clear, strong and satisfactory, and any doubt on this point should be resolved in favor of the accused.' And we would cite as authority for that Wiggins v. State, 4 Md. App. 95, 241 at Section 424. It's a 1968 case."

The short answer to both questions is simply that the jury instructions, read as a whole, clearly set forth the applicable law. *England and Edwards v. State,* 274 Md. 264, 275-276 (1975). The court, in advising the jury of the State's burden to show *Miranda* compliance, is not required to set forth a specified litany. In dealing with this aspect of the confession's admissibility, the court pointed out the State's burden of proving the voluntariness of the statements, including the prerequisite that they be made

"with full advice having been given as to constitutional rights to counsel, constitutional rights to remain silent."

The instruction as to voluntariness pointed out that the statement must have been free from duress, coercion or threat; freely and voluntarily given and that under all the circumstances it was the product of a free and unconstrained will which was not overborne or compelled.

The attempt by appellant to present, by jury instruction, the *Miranda* noncompliance as an involuntariness taint to the succeeding admitted confession fails for the reasons we noted in explaining why the fifth confession was properly admitted.

650

Beyond that, her express exception to the failure to instruct as to the State's burden to overcome a carryover presumption from a previously held inadmissible involuntary confession, falls with her admission that there was no evidence of involuntariness in the taking of any of the confessions. Even if we hold that the suppression hearing judge was "clearly erroneous," Md. Rule 1086, in his factual finding that the fifth confession flowed from the third rather than the fourth — which we cannot do — the fourth was not coerced or improperly induced. That being so, the predicate of involuntariness in the requested instruction was wanting.

*Judgments affirmed.*
*Costs to be paid by appellant.*